# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION



JIMMY ANFIELD,                    )
                                  )
            Plaintiff,            )
                                  )
v.                                )        Case No.  CV606-034
                                  )
MARTHA C. KIRKLAND,               )
                                  )
            Defendant.            )

## REPORT AND RECOMMENDATION

On March 28, 2006, this Court granted plaintiff leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order.  The Court informed plaintiff that his failure to return these forms would result in a recommendation that this case be dismissed.  Plaintiff has timely returned the two forms; the case is therefore ready to proceed.

Congress has significantly changed the procedures for handling civil actions filed by prisoners or other detainees.  Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (PLRA).  Under the PLRA, a federal

court "shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under [42 U.S.C. § 1983] . . . if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). The PLRA requires the federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal. 28 U.S.C. § 1915A. The Court therefore will examine plaintiff's complaint to determine whether he has stated a colorable claim for relief under § 1983 against defendants.

Plaintiff alleges in his complaint that he was represented by "ineffective counsel" during his recent prosecution in this Court. United States v. Jimmy Anfield, CR605-18 (filed July 14, 2005). Plaintiff contends that his court-appointed counsel, Martha C. Kirkland, "conspired" against him during his criminal proceedings, concealed "crucial evidence" that would have necessitated an evidentiary hearing, failed to obtain documents plaintiff requested, failed to serve plaintiff with notice when she withdrew

from the case (and was replaced by an associate from the same law firm), failed to respond to plaintiff's phone calls and correspondence, and failed to raise issues requested by plaintiff "during trial procedures" (though there was no trial).  Doc. 1 at 5.  Because of these and other errors by counsel, plaintiff contends that he was somehow forced to enter a guilty plea.  Id.

A § 1983 damages claim that calls into question the lawfulness of the conviction or sentence simply "does not accrue until the conviction or sentence has been invalidated."  Heck v. Humphrey, 512 U.S. 477, 489 (1994).  The Supreme Court likened such claims to common law tort actions for malicious prosecution, which historically have required the plaintiff to allege and prove the termination of the prior criminal proceeding in his favor as an element of his claim.  Id. at 484-86.  Thus, the Supreme Court held

> that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a

conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id. at 486-87.[1]

According to the Heck Court, "when a . . . prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . ." Id. at 487. A finding that plaintiff's defense attorney rendered ineffective assistance would imply such invalidity of the conviction.[2] See Stephenson v. Reno, 28 F.3d 26, 27 (5th Cir. 1994) (federal prisoner bringing § 1983 claim for ineffective assistance of counsel against federal public defender barred by Heck).

---

[1]Plaintiff is a federal prisoner who is suing an attorney appointed by this Court. While Heck specifically addresses state prisoners convicted by a state court, the principles in Heck apply equally in the context of federal prisoners. Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995).

[2]Plaintiff, in response to the Court's warning regarding Heck, has filed an "amended complaint" where he attempts to argue around the Heck prohibition. Plaintiff states that he "is NOT calling into question the lawfulness of the Plaintiff[']s] Conviction or Sentence, but is . . . seeking for the denial and violation of the plaintiff[']s] [F]ourteenth Amendment [r]ights that were violated during trial proceedings." Doc. 5. Clearly, a finding that plaintiff's constitutional rights were violated due to ineffective assistance of counsel and that he was thereby "forced" to plead guilty would invalidate his conviction. See Strickland v. Washington, 466 U.S. 668, 687 (1984) (claim for ineffective assistance of counsel requires a showing of prejudice; i.e., a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different). This is precisely the type of "other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" that Heck identifies as not cognizable under § 1983.

Furthermore, whether retained or court-appointed, an attorney who serves as counsel for a defendant in a criminal proceeding does not act on behalf of the state but is instead "the state's adversary" and hence cannot be subjected to liability under § 1983.  Polk County v. Dodson, 454 U.S. 312, 318-19 n.7, 323 n.13 (1981) (§ 1983 claim not cognizable against state public defender); Eling v. Jones, 794 F.2d 679 (8th Cir. 1986).

For all of the above-stated reasons, this case should be **DISMISSED** pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

**SO REPORTED AND RECOMMENDED** this 29ᵀʰ day of June, **2006.**

**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**